UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-CV-12187-RGS

LAURIE FORAN

v.

STRYKER SALES CORPORATION

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

February 14, 2011

STEARNS, D.J.

On September 1, 2010, plaintiff Laurie Foran, possibly a nurse, filed this Complaint in the Middlesex Superior Court.[1] Foran alleges that she injured her neck while attempting to lift a patient onto a stretcher manufactured or sold by defendant Stryker Sales Corporation (Stryker). According to the Amended Complaint, the stretcher's brake failed, "causing it to roll freely." Am. Compl. at 1. Stryker removed the case to the federal district court on December 17, 2010, on diversity of citizenship grounds, 28 U.S.C. § 1332. On December 23, 2010, Stryker followed with a motion to dismiss asserting a failure by Foran to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Foran opposed the motion on January 11, 2011, on the most general of grounds.[2]

---

[1]The Complaint sets out three Counts: Breach of Warranty - Products Liability (Count I); Negligence (Count II); and Duty to Warn (Count III).

[2] Foran filed an Amended Complaint on February 10, 2011, correcting various typographical errors, although the Amended Complaint still includes references to ghost paragraphs.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (dismissal for failure to state a claim is appropriate if the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.") (internal citations omitted).

A dismissal for a failure to state a claim pursuant to Rule 12(b)(6) is ordinarily a final decision on the merits, and is thus with prejudice. Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388 (1st Cir. 1994). Where a dismissal is entered, however, without a judgment on the merits, as for example, on failure to exhaust grounds, it is entered without prejudice. Lebron-Rios v. U.S. Marshal Service, 341 F.3d 7, 13 (1st Cir. 2003) (discussing the "long-standing common-law principle governing the preclusive effect of dismissals ordered prior to reaching the merits . . . ."). Here, I am loathe to enter a dismissal with prejudice when

2

it is impossible to tell whether the deficiencies in the Complaint are the result of substandard pleading or represent instead a tacit admission that no viable cause of action exists. I will therefore treat defendant's motion as one for a more definite statement under Fed. R. Civ. P. 12(e), and give Foran one more opportunity to amend her Complaint so as to state the basic elements of an actionable claim. Cf. Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994) ("Leave to amend is to be 'freely given,' Fed. R. Civ. P. 15(a), unless it would be futile, or reward, inter alia, undue or intended delay." (citations omitted)).[3]

### ORDER

For the foregoing reasons, defendant's motion to dismiss is ALLOWED in so far as the court construes it as a motion for a more definite statement. The motion is otherwise DENIED without prejudice to be renewed if appropriate after Foran files a further Amended Complaint. Foran will have to March 1, 2011, to file an Amended Complaint that complies with the Iqbal - Twombly pleading standard.

SO ORDERED.

/s/ Richard G. Stearns

_____

---

[3] For example, while Foran alleges that the brake failed on Stryker's Model 1001 stretcher, she fails to specify her claim of defect or that the defect caused her injury. The court notes that Foran's Complaint also fails to supply basic background information such as her occupation, where she was working when the accident occurred, or the specific nature of her injuries or any medical treatment that she received. Further, she fails to specify facts that give rise to a specific warranty or a duty to warn. While the Stryker recall letter attached to Foran's opposition to the motion to dismiss adds some additional relevant information, it is not matter that the court can consider on a motion to dismiss. See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).

3

UNITED STATES DISTRICT JUDGE